THOMPSON, Judge.
This is a consolidated appeal from judgments of guilt entered upon nolo conten-dere pleas made subsequent to the denial of the appellants’ motions to suppress wiretap evidence. Appellants contend that the wiretap evidence should have been suppressed because the authorization and the application for the wiretaps were defective, and the wiretap order was overbroad. We affirm.
It was agreed by the state and the appellants that the decision of this court on the Duckham-Waymire wiretap order is disposi-tive of the validity of the convictions of all three appellants.
Appellants contend the Duckham-Way-mire wiretap authorization was overbroad and unlawfully delegated the state attorney’s responsibility for wiretap applications to police officers, and the wiretap application was insufficient because it failed to state the authority upon which it was submitted or the identity of the person authorizing it. The wiretap authorization was signed by the state’s attorney, one of the persons authorized by law to sign authorizations for wiretap applications. See § 934.07, Fla.Stat. It authorized Police Officer Miles to make application for a court order authorizing the interception of wire or oral communications on a specified telephone number. In accordance with that authorization, Miles submitted his application and affidavit along with the authorization. The authorization and the affidavit and application were signed and sworn to on November 13, 1981, and both were filed before the circuit judge on November 13, 1981. The authorization and the application and affidavit were apparently filed as one document because only the authorization bears the judge’s notation that the document was filed in evidence before him. In any event, they were filed together at the same time. The circuit judge then entered a November 13, 1981 order authorizing the interception of wire or oral communications on the Duckham-Waymire telephone.
The wiretap authorization and the application and affidavit were filed together before the judge and sufficiently identified the state attorney as the person authorizing the application. The authorization could not be an overbroad and unlawful delegation of responsibility for authorizing wiretap applications because the detailed application and affidavit of Miles was submitted together with, and was apparently a part of, the authorization signed by the state’s attorney.
The wiretap order is a detailed three-page order complying with the limits of the authorization and with the law and it included a sufficiently specific statement of the types of communications that could be intercepted as proof of conspiracy to engage in the sale and possession of narcotics and dangerous drugs. Accordingly, the trial court’s refusal to suppress the wiretap evidence is AFFIRMED.
WIGGINTON, J., concurs.
ERVIN, C.J., specially concurs.